UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



___

UNITED STATES OF AMERICA,

v.

ANTWAN HUGLEY,

          Defendant.
___

**DECISION AND ORDER**

1:15-CR-00115 EAW

Defendant Antwan Hugley ("Defendant") is charged in a seven-count Second Superseding Indictment returned on June 1, 2017, with conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846; attempted possession of 500 grams or more of cocaine with the intent to distribute in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2; possession of firearms in furtherance of drug trafficking in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2; felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); possession with intent to distribute and distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2; attempted possession of 500 grams or more of cocaine with the intent to distribute in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2; and identity theft in violation of 18 U.S.C. § 1028(a)(7) and 1028(b)(3)(A).

This Court referred all pretrial matters in the case to United States Magistrate Judge Jeremiah J. McCarthy pursuant to 28 U.S.C. § 636(b)(1)(A)-(B). (Dkt. 3).

On October 30, 2017, Magistrate Judge McCarthy issued a thorough Report and Recommendation (Dkt. 103) recommending that this Court deny Defendant's pretrial

motions to suppress statements, suppress identification, and suppress evidence (Dkt. 84).[1] Pursuant to Fed. R. Crim. P. 59(b)(2) and 28 U.S.C. § 636(b)(1)(C), the parties had 14 days after being served a copy of the Report and Recommendation to file objections. No objections were filed.

The Court is not required to review *de novo* those portions of a report and recommendation to which objections were not filed. Fed. R. Crim. P. 59(b)(2) ("Failure to object in accordance with this rule waives a party's right to review."); *see Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) (to trigger the *de novo* review standard, objections to a report "must be specific and clearly aimed at particular findings in the magistrate judge's proposal").

Notwithstanding the lack of objections, the Court has conducted a careful review of the Report and Recommendation as well as the filings previously made in the case, and finds no reason to reject or modify the Report and Recommendation of Magistrate Judge McCarthy. Therefore, the Court accepts and adopts the Report and Recommendation. (Dkt. 103). For the reasons set forth in the Report and Recommendation, this Court denies Defendant's pretrial motion (Dkt. 84)[2] to suppress statements, suppress identification, and suppress evidence.

---

[1] Because Defendant did not move for suppression of any specific evidence, Judge McCarthy recommended that the motion to suppress evidence be denied without prejudice "to the possibility of defendant seeking leave to file a motion to suppress in the future upon a showing of good cause for why it was not timely asserted." (Dkt. 103 at 8). This Court accepts Judge McCarthy's recommendation in that regard.

[2] Defendant also filed pretrial motions at Docket Nos. 92 and 97, although those motions do not appear to address the suppression motions, but rather they only seem to

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: December 11, 2017
Rochester, New York

---

pertain to the nondispositive relief requested by Defendant (which was also addressed in Judge McCarthy's decision filed on October 30, 2017).